**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 04:13 PM November 15, 2018**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| THOMAS PATRICK WILCOXON, | ) | CASE NO. 18-62228-rk |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |

    Debtor Thomas Patrick Wilcoxon ("Debtor") filed a Chapter 13 bankruptcy petition on November 5, 2018. On the date of filing, Debtor also filed an Application to Pay Filing Fee in Installments. The application was granted on the same day.

1

Debtor has been a serial filer with this Court since 2001. Including the instant case, he has filed two joint petitions under Chapter 7 and five individual petitions under Chapter 13.[1] Three of the cases were filed in 2017 alone. His last successful discharge was in 2012.

In three of those prior cases,[2] Debtor followed a notable pattern: he applied to pay the filing fees in installments, ultimately neglecting to make *a single payment* in any case, and he also failed to submit the statutorily required certificate of credit counseling, citing various excuses. Since Debtor has, in this latest petition, once again requested to pay the filing fee in installments, and claims to have completed the credit counseling course without receiving a certification, the Court is choosing to address these issues *sua sponte*.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), and the court has authority to issue final entries.

## **DISCUSSION**

**A. Filing Fees**

Generally, a debtor or other party commencing a bankruptcy proceeding under Title 11 is responsible for paying the associated filing fee. 28 U.S.C. § 1930(a). However, the debtor may apply to pay the fees in installments, in order to ease the burden of paying in one lump sum, or he may petition the court to waive the fee entirely, based on his inability to make installment payments. Bankr. R. 1006(b)(a); 28 U.S.C. § 1930(f)(1).

Under the Code, a bankruptcy petition will be accepted for filing despite being unaccompanied by the requisite fee, so long as the debtor makes one of these requests at the time of filing. Bankr. R. 1006(b)(1), 1006(c). Debtor has availed himself of the installment-payment option repeatedly, and the Court has granted his application each time. In three cases within the last three years, however, Debtor has never paid a single dime toward the fees.

The Bankruptcy Code provides multiple grounds for involuntary conversion or dismissal of a Chapter 13 case, and one such ground is the "nonpayment of any fees and charges required under chapter 123 of title 28." 11 U.S.C. § 1307(c)(1). There is nothing in the statute that expressly limits the term "any fees" to those accrued in the current proceeding. See In re Domenico, 364 B.R. 418, 419 (Bankr. D.N.M. 2007). Filing fees are "the price of admittance to the bankruptcy system." In re Waller, 2005 Bankr. LEXIS 547 (Bankr. M.D. Ga. 2005), *5. The debtor "cannot avoid the fee by choosing the leave the system early." Id. However, there is a split in authority on this issue, with some courts interpreting the very same statutory provision to mean that only fees incurred during the instant case can serve as grounds for dismissal or conversion. See, e.g., In re Machdanz, 1994 Bankr. LEXIS 2437 (Bankr. D. Idaho); In re Howard, 333 B.R. 826 (Bankr. W.D. Wis. 2005).

---

[1] Case numbers 01-64683, 11-63266, 16-60009, 17-60983, 17-61597, and 17-62623.
[2] Case numbers 16-60009, 17-60983, and 17-61597.

Without relying on § 1307(c)(1), alternative authority is available to the Court elsewhere in the Code. A bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of title 11. 11 U.S.C. § 105(a). The Code goes on to clarify that:

> No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Id.

This Court does not believe there to be any provision within the Code that would explicitly prevent it from ordering the payment of filing fees from previous bankruptcy cases. See, e.g., In re Gilbert, 2016 U.S. Dist. LEXIS 18867 (E.D. Mich. 2016). In fact, to do so would be an "appropriate" way to "enforce or implement" the bankruptcy rules, as "it would substantially strain the system if debtors were permitted to file several petitions without paying the filing fee." Id., at *12; see also In re Gjerde, 535 B.R. 329, 332 (Bankr. E.D. Cal. 2015) (nonpayment of fees deprives both the trustees of part of their compensation, and the courts of revenue that funds the judicial branch itself).

The Court agrees with this reasoning. Debtor will be ordered to pay monthly installment payments of $100 – and one final payment of $40 – until the $1,240 in combined filing fees[3] for the instant case, as well as the three cases mentioned in fn 2, supra, have been paid in full. The payments will commence in December 2018, and continue through December 2019, with the full schedule to be set by separate order. If Debtor fails to timely make the monthly installment payments, the Court may dismiss his Chapter 13 case without further notice.

### B. Credit Counseling Requirement

In order to qualify as a debtor under the Bankruptcy Code, an individual must have:

> during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C § 109(h)(1). Either a certificate proving completion of such counseling must be filed

---

[3] Each case is associated with a filing fee of $310.

with the debtor's petition, or the debtor must provide evidence of exigent circumstances, incapacity or disability making such certification impossible. 11 U.S.C. § 109(h)(3).

In addition to frequently avoiding payment of his filing fees, Debtor has also continuously neglected, whether inadvertently or purposefully, to either satisfy the counseling requirement or demonstrate a legitimate reason why he cannot do so. In case 16-60009, Debtor indicated in his petition that though he requested credit counseling prior to filing, he could not obtain it; however, he argued that he qualified for an exemption due to exigent circumstances. Despite an order from the court asking that he submit an affidavit explaining those circumstances, Debtor never provided any further information. In his next bankruptcy, case 17-60983, Debtor indicated that he *did* complete counseling, but did not have the certificate. No certificate was ever filed, resulting in dismissal of the case. The exact same sequence of events transpired in his next bankruptcy case, 17-61597, later that same year. Now, in the instant case, Debtor again claims to have completed the counseling, but without a certificate to show for it. Each case also appears to have coincidentally stopped a state court collection action.[4]

The Bankruptcy Code ordinarily allows for the dismissal of a bankruptcy case with prejudice for up to 180 days, where there was "willful failure of the debtor to abide by orders of the court." 11 U.S.C. § 109(g). However, under 11 U.S.C §§ 105(a) and 349(a), courts have the authority to prevent refiling for even longer periods of time, "where there is sufficient cause." In re Morris, 2010 Bankr. LEXIS 3547 (Bankr. M.D. Tenn. 2010), *23, quoting Cusano v. Klein (In re Cusano), 431 B.R. 726, 737 (B.A.P. 6th Cir. 2010). Even an "indefinite bar from filing" has been imposed where a debtor has "flagrantly abused the bankruptcy process." In re McCoy, 237 B.R. 419, 422 (Bankr. S.D. Ohio 1999), citing to In re Millers, 90 B.R. 567, 568 (Bankr. S.D. Fla. 1988).[5] The duration of such a bar on filing is ultimately "within the court's discretion." Morris, supra, citing to Casse v. Key Bank Nat'l Ass'n (In re Casse), 198 F.3d 327, 339 (2nd Cir. 1999).

One of the guiding principles of this inquiry is whether the filer has filed or acted with bad faith. Cusano, supra, at 737. Bad faith can be demonstrated in a variety of ways, including serial filings with failure to make plan payments. In re Grischkan, 320 B.R. 654, 661 (Bankr. N.D. Ohio 2005). Other indicators include serial filers who "repeatedly [seek] the protections of the Bankruptcy Code in an effort to thwart the foreclosure efforts of [creditors]", and those who "frustrate[] the bankruptcy process," such as by failing to pay filing fees in installments and produce required documents. In re Lee, 467 B.R. 906, 919 (B.A.P. 6th Cir. 2012); see also Morris, supra, at *26-27 (failure to pay filing fee or file certificate of credit counseling were two

---

[4] In the Stark County Court of Common Pleas alone, not including municipal court cases, each of Debtor's bankruptcy petitions operated to stop collections actions as follows:
- 2009CVO3818, foreclosure stopped 10/24/11; Debtor filed bankruptcy case 11-63266 on 10/12/11
- 2014CVO2623, foreclosure stopped 12/05/17; Debtor filed bankruptcy case 17-62623 on 11/29/17
- 2014CVO2822, foreclosure stopped 01/11/17; Debtor filed bankruptcy case 16-60009 on 01/05/16
- 2016CVO1907, garnishment stopped 05/10/17; Debtor filed bankruptcy case 17-60983 on 05/01/17

[5] The McCoy court enacted a permanent ban on refiling, as the debtor had "availed himself of the equitable benefits provided by the Bankruptcy Code through multiple filings while ignoring his statutory duties, by failing to file requisite schedules, statements of affairs and plans, and by failing to submit to an examination under oath at the meeting of creditors." McCoy, supra, at 423.

4

of the factors in the court's decision to dismiss with prejudice). Repetition of the same conduct "strengthens the inference that the conduct was deliberate," and the court will "infer from a pattern of dismissals and refilings in unchanged circumstances willful failure to abide by orders of the court and an abuse of the bankruptcy process." In re Nelkovski, 46 B.R. 542, 544 (Bankr. N.D. Ill. 1985).

Debtor has repeatedly demonstrated that he does not take the foundational requirements of bankruptcy filings seriously, and that he is more than willing to bluff and delay the execution of his responsibilities. He has successfully used the timing of his many bankruptcy petitions to continually frustrate his creditors, he has again and again neglected to produce any evidence of completion of credit counseling, and he has not made a single installment payment on a case since his last successful discharge in 2012.[6] Should this current case be dismissed at any time, this Court finds that there is sufficient cause to do so with prejudice, and to bar Debtor from refiling for 5 years from the date of dismissal, unless he seeks and obtains relief prior to filing, as set forth in a separate order entered contemporaneously herewith.

#   #   #

**Service List:**

**[All parties]**

---

[6] Case 11-63266.